Gilbert, Russell & Gilbert, Dayton, for plaintiffs in error.

G. E. Nicholas, Dayton, for defendant in error.

## OPINION

By HAMILTON, PJ.

Upon a reading of the bill of exceptions, the court has arrived at the conclusion that there was ample evidence in the Municipal Court to sustain the judgment of that court in favor of Friedman, and the Court of Common Pleas erred in reversing that judgment. This conclusion requires a dismissal of the petition in error, and a reversal of the judgment of the Court of Common Pleas in reversing the judgment of the Municipal Court.

The petition in error will be dismissed and on the cross-petiton, the judgment of the Court of Common Pleas will be reversed and the judgment of the Municipal Court affirmed.

ROSS and CUSHING, JJ, concur.

## DUBERSTEIN et v
## GLOBE TOOL & ENG CO

Ohio Appeals, 2nd Dist, Montgomery Co.

No 1206. Decided Jan 22, 1934

## OPINION

By KUNKLE, J.

We have considered the record in this case with care.

There has been filed with us very exhaustive briefs by counsel for both plaintiff in error and defendant in error. In addition to the portions of the record and authorities relied upon by counsel for plaintiff in error to secure a reversal of the judgment of the Court of Common Pleas,

there has been filed with such brief the written opinion of Judge Martin of the Municipal Court wherein the judge, as above stated, found in favor of plaintiff in error. Counsel for defendant in error have favored the court in their brief not only with pertinent portions of the testimony and the authorities relied upon but also included the substantial portions of the written opinion of Judges Snediker of the Court of Common Pleas reversing the Municipal Court.

Counsel will keep in mind that this court is reviewing the judgment of the Court of Common Pleas. We are not reviewing the judgment of the Municipal Court. We are not warranted in reversing the judgment of the Court of Common Pleas, which we are revewing, unless we are able to find that the Common Pleas Court erred in the judgment which it rendered. The testimony is conflicting in various respects. We concede that different inferences might be drawn from such conflict, but when the entire record is considered, we would not be prepared to find that the Court of Common Pleas committed prejudicial error in reversing the judgment of the lower court, and remandng the same for a new trial.

Entertaining these views, the judgment of the lower court will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.